OPINION
Defendant Developers Diversified Realty Corporation appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled its motion for attorney fees, finding pursuant to Civ. R. 11 that at the time of the filing of the complaint there was a belief there were grounds to support the allegations. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEVELOPERS DIVERSIFIED REALTY CORPORATION'S PETITION FOR ATTORNEY'S FEES AND EXPENSES WHEN THE PLAINTIFF FAILED TO DISMISS DDRC AFTER DISCOVERING THAT THERE WAS NO EVIDENCE TO SUPPORT HER CLAIM.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY BASING ITS DECISION TO DENY DEVELOPERS DIVERSIFIED REALTY CORPORATION'S (DDRC) PETITION FOR ATTORNEY'S FEES AND EXPENSES ON CIV. R. 11 RATHER THAN R.C. 2323.51.
In May of 1993, plaintiff appellant Mary Ann Galmish and her husband Joseph were the owners in fee simple of the real estate located at 5560 Dressler Road N.W. Canton, Stark County, Ohio. Appellant acquired title to the property from Guy Cicchini pursuant to their divorce decree. On September 20, 1993, appellant and appellee entered into a written agreement in which the Galmishes agreed to sell the property to D.D.R.C for the purchase price of $765,000.00. In a later amendment, the parties agreed to extend the closing date of the transaction up to March 15, 1994. D.D.R.C. was unable to obtain title to the properties adjacent to the Galmishes' property before that date, and requested another extension. The Galmishes demanded additional compensation to hold the property for D.D.R.C. The Galmishes informed D.D.R.C. that Guy Cicchini was interested in purchasing the property. D.D.R.C. contacted Cicchini to discuss his intentions with regard to the property.
At that time, Cicchini informed D.D.R.C. he would sell the property to D.D.R.C. under terms similar to those agreed in the Galmish/D.D.R.C. purchase agreement. Based upon these representations, D.D.R.C. decided not to go through with the purchase from the Galmishes. Thereafter, the Galmishes entered into an agreement with Cicchini on May 27, 1994. The agreement provided for a purchase price of $765,000.00, but Cicchini agreed to pay the Galmishes one-half of any net proceeds over and above that amount if Cicchini sold, transferred, or conveyed the property to D.D.R.C. within one year of the execution of the agreement with Galmish. At the time, D.D.R.C. was unaware of this provision.
Cicchini acquired title to the property on May 31, 1994. On August 30, 1994, D.D.R.C. sent a written offer to Cicchini for purchase of the property for $765,000.00. Cicchini refused the offer. On October 6, 1994, D.D.R.C. sent another offer for $825,000.00, but Cicchini continued to ask for more money. Eventually, D.D.R.C. agreed to a purchase price of $1,480,000.00 and the agreement was reduced to writing on January 27, 1995. That agreement provided for a closing date of April 15, 1995.
On February 2, 1995, the parties revised the agreement, and changed the closing and possession date to June 1, 1995.
Cicchini continued to propose revisions to the contract, and eventually, on June 12, 1995, Cicchini informed D.D.R.C. he would not convey the property for $1,480,000.00. Instead, Cicchini offered a land exchange transaction. When D.D.R.C. rejected that offer, Cicchini offered the property for sale on a cash purchase price of $1,750,000.00. D.D.R.C. agreed to the price, claiming it had no choice because further delay would result in considerable damage to D.D.R.C.
On June 14, 1995, Cicchini threatened to terminate a license, which would interfer with D.D.R.C.'s construction work on another project. On June 16, 1995, D.D.R.C. paid the purchase price requested by Cicchini and title to the property transferred on June 19, 1995.
When the Galmishes learned of this action, they brought suit against Cicchini and D.D.R.C., claiming Cicchini breached a contract with Mary Ann Galmish to pay her a portion of the proceeds of the sale, and that D.D.R.C. conspired with Cicchini to deprive Galmish of the money by delaying the closing date for transfer of the property.
Discovery began immediately, and D.D.R.C. claims documents provided to Galmish on June 30, 1995 and August 9, 1995 demonstrated D.D.R.C. had tried to close on the property before May 27, 1995, the date on which Galmish's contract with Cicchini expired. On September 8, 1995, discovery depositions of various D.D.R.C. officials were held. In those depositions, D.D.R.C. representatives testified D.D.R.C. had tried on several occasions to close the property early, and Cicchini was the person who delayed the closing date. D.D.R.C. maintained the delay had cost it considerable money.
D.D.R.C. asserts discovery information secured by Galmish demonstrated as early as September 1995, that D.D.R.C. had not conspired with Cicchini to deprive Galmish of her share of the proceeds of the sale of the property. In May of 1997, the trial court sustained D.D.R.C.'s motion for summary judgment, finding Galmish had failed to produce evidence of a civil conspiracy against her. After the matter was resolved between Galmish and Cicchini, D.D.R.C. presented its motion for attorney fees pursuant to R.C. 2323.51, alleging Galmish should have dismissed it from the suit in September of 1995, when she learned D.D.R.C. had not conspired with Cicchini to deprive her of her rights in the property. D.D.R.C. claimed it had spent more than $24,000.00 to defend the suit.
 II
R.C. 2323.51 permits a trial court to award attorney fees and expenses to a party who had been injured because of the frivolous conduct of another party. Our standard of reviewing a trial court's ruling on a petition for attorney fees is the abuse of discretion standard, see State ex rel. Fant vs. Sykes (1987),29 Ohio St.3d 65.
In overruling the motion for fees, the trial court found that at the time of the filing of the complaint, Galmish had a belief there were grounds to support her allegations. The trial court found pursuant to Civ. R. 11, Galmish's action was not frivolous.
We find the trial court erred in considering D.D.R.C.'s petition for attorney fees pursuant to Civ. R. 11. The motion was brought pursuant to R.C. 2323.51, and the focus of the motion concerned not whether Galmish's conduct was frivolous at the time of the filing of the complaint, but rather whether her continuing prosecution of the complaint against D.D.R.C. after discovery was provided was frivolous. Accordingly, we find we must vacate the court's judgment, and return it to the trial court to review the actions of the parties after the filing of the complaint.
The second assignment of error is sustained.
 I
Because we find the trial court erroneously did not address this matter in reviewing the merits of D.D.R.C.'s motion for attorney fees, we find this matter is not ripe for our determination, and accordingly, we overrule it.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Wise, J., and Donofrio, V.J., concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-00340
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.